East'n District.
*May*, 1823.

DUPEY & AL.
*vs.*
GREFFIN'S EX.

A forced sur-
render cannot
be ordered of
the estate of a
deceased per-
son, it must be
administered
under the au-
thority of a
court of pro-
bates.

*DUPEY & AL.* vs *GREFFIN'S EXECUTOR.*

APPEAL from the court of the first district.

MATHEWS J. delivered the opinion of the court. This case differs very little from the cases of *Vignaud* vs. *Tounacourt*, Curator, *Balio* vs. *Nelson*, and *Cox* vs. *Martin's heirs*, wherein it has been determined that a court of probates has exclusive jurisdiction relative to the adjustment and distribution of successions. The reasons advanced, and the laws referred to in those judgments being altogether applicable to the present cause, we refer to them as the principal basis of our opinion now to be expressed. See 12 *Martin*, 229, 358, 361.

The semblance of difference which exists, is, that in the present case application was made to the district court to order a meeting of the creditors of Greffin's succession, for the purpose of having syndics appointed to assume its administration as being insolvent. In their petition for that purpose, the plaintiffs make Debon the testamentary executor a party defendant, who made opposition to the order granted for a meeting of said creditors, and succeeded in having it set aside, on the ground of the want of jurisdiction in the court

to which they applied, and from this decree declining jurisdiction they appealed.

Previous to the final decision of the cause in the court below, certain persons stating themselves to be heirs of the testator, intervened and gave their assent that a forced surrender of their ancestor's estate might take place as claimed by the original petitioners. The same persons had before claimed as heirs in the court of probates, and prayed the executors to be compelled to account with them for said estate; and in that suit their capacity as such seems to have been recognised.

The points assumed by the counsel for the appellants in opposition to the judgment of the district court are. 1st, That the court of probates has no longer exclusive jurisdiction of the matters now in dispute, in consequence of the homologation of the executor's account. 2d. That his functions having ceased, he ought not to be heard in opposition to the plaintiffs, as the real party interested, the beneficiary heirs, consent to have the testator's estate administered by syndics on a forced surrender.

We have already shown that all jurisdic-

tion in relation to successions belongs by law exclusively to our courts of probates. This extends to all decrees and orders which may be necessary, for the payment of debts and legacies, and the final settlement of an estate. The affairs of successions are administered by the agency of tutors, curators, or testamentary executors, all deriving their authority either substantially or formally through a court of probates, to which they are bound to account for their administration. Beneficiary heirs are held to nearly the same responsibility as curators, when there are creditors of the estate; and after the delay accorded by law to executors, should an estate remain unliquidated, would succeed to their duties and functions in relation thereto. Debon, the executor, being referred to in the petition for a concurso, or forced surrender, had a right to make opposition; but whether or not this right ceased by the homologation of his accounts, is here unnecessary to inquire. Admit that the heirs with benefit of inventory have superceded him, and are to be considered the sole administrators of Greffin's succession, they cannot by consent take away from the court of probates its jurisdiction in the

present case. When want of jurisdiction relates to personal rights or privileges of a dedefendant, it may be cured by consent; but if it relate to the matter in contestation, consent cannot give jurisdiction. We do not believe that there is any principle of our laws, which will authorise a forced surrender of a succession, and transfer its administration to syndics appointed by creditors, in opposition to the jurisdiction and power granted in such cases to our courts of probates, and their officers, such as tutors, curators, &c. Creditors are bound to make their claims before these tribunals; there they must be classed and paid according to rank and privilege.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for the plaintiffs, *Mazureau* for the defendant.